## Hiram Bowsher et al. v. Marilla A. Porter, Administratrix.

1. PROMISSORY NOTES—*Payments. Receipts, etc.*—In an action upon a promissory note by an administratrix, the defendant produced a receipt dated March 30, 1881, in which it was stated that the deceased had received a sum of money of him to be credited on a note held against

him for $250. The date of the note was not given. The receipt did not describe the note in suit, and therefore it was incumbent upon the defense to show the note sued on was intended.

**Memorandum.**—Assumpsit on a promissory note. Appeal from the Circuit Court of De Witt County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed October 28, 1893.

The statement of facts is contained in the opinion of the court.

R. A. LEMON, attorney for appellants.

S. K. CARTER, attorney for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

Appellee, as administratrix of John A. Porter, deceased, brought suit in assumpsit upon a promissory note dated January 1, 1876, for $260, payable to the deceased and signed by Hiram Bowsher and John M. Porter. The issues were submitted to the court, a jury being waived. The finding was for the plaintiff and judgment followed, from which the present appeal is prosecuted.

The sole question is whether the note is subject to a credit of $350.

The defendants produced a receipt dated March 30, 1881, in which it was stated that the deceased had received that sum of money of said Hiram Bowsher to be credited on a note held against him for $250. The date of the note was not given.

The defendant attempted to show that it was intended to pay and credit this money on the note in suit.

The receipt did not describe this note and therefore it was incumbent upon the defense to show this note was intended.

We have carefully read the evidence as it appears in the record, and we are entirely satisfied with the conclusion reached by the trial court.

It is not deemed necessary to state the evidence in detail or to notice the arguments of counsel upon the various

points which they have thought proper to discuss. Were the evidence less satisfactory than it is, we should be unable, under the well settled rules, to reverse the finding. The judgment is affirmed.